UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                                ORDER

GABRIEL WARREN,                                16-CR-361-3 (CS)

                 Defendant.
------------------------------------------------------x

Seibel, J.

Before the Court is Defendant Gabriel Warren's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Docs. 315, 335), and the Government's opposition thereto, (Doc. 337).[1]

Defendant was arrested on June 1, 2016 and detained. On January 18, 2018, he was sentenced principally to 188 months' imprisonment. (Doc. 228). This sentence was 74 months below the low end of his advisory Sentencing Guidelines range of 262-327 months. (*See* Doc. 30 ("PSR") at 20.) Defendant has served approximately 52 of those 188 months.

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he

---

[1]Defendant also requests home confinement, but only the Bureau of Prisons, not the Court, can provide that relief. *See* 18 U.S.C. § 3624(c); CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020).

is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

Defendant argues that he fears contracting COVID-19 while in prison, that he has lost family members to the virus, that his daughter has a serious health condition, and that he has changed for the better while in prison.  Presumably he means to contend that he fits the third or fourth category.  The facts to which he points do not amount to extraordinary and compelling circumstances.  While any prisoner might rationally fear of COVID-19, USP Allenwood, where Defendant is housed, has been remarkably free of the virus, with no inmate cases and only one staff case.  And Defendant is young and healthy, with no COVID risk factors.  Losing family members while inside and being separated from children are also, sad to say, commonplace consequences of criminal convictions.  There is no indication that Defendant's daughter, who lives with her mother and grandmother, is not getting the care she needs.  While it is commendable that Defendant has not received any disciplinary tickets in the last two years and has taken advantage of programming in prison, those facts, too, are not particularly unusual.  The factors on which Defendant relies do not, singly or in combination, rise to the level of extraordinary and compelling.

Even if they did, release would not be appropriate in light of the § 3553(a) factors. Defendant was a leader of a violent gang that contributed to the ruin of the city of Newburgh. He dealt large quantities of crack, carried weapons, and was involved in shootings (including being the driver for a broad-daylight shooting at members of a rival gang that put innocent

bystanders in peril)   The instant case was his fifth conviction, his fourth drug offense, and his fourth felony – a record he amassed before he turned 23.  He committed the instant offense while under parole supervision.  Prior prison sentences did not deter him.  Releasing defendant after he has served less than 30% of his sentence – a sentence already well below the advisory Guidelines range – would undermine several of the purposes of sentencing.  It would not sufficiently address the nature and seriousness of the offense, and specifically the harm Defendant did to others and the community through his drug dealing, violence and gang leadership.  It would not be just punishment and would introduce unwarranted sentencing disparities.  It would not do enough to address Defendant's repeated disrespect for the law.[2]  It would not suffice to protect the public from further crimes by Defendant.  Given his criminal history and lack of any sustained legitimate work history, there is unfortunately every reason to believe that Defendant would revert to criminal activity were he released.  And it would not be sufficient to deter Defendant and those who would follow in his footsteps.  In short, the § 3553(a) factors would militate against release even if Defendant had shown extraordinary and compelling circumstances.

---

[2]Defendant was in Criminal History Category ("CHC") VI because he was a Career Offender under Section 4B1.1, but he would have been in CHC V even without that designation. (*See* Doc. ¶¶ 81-82.)

Accordingly, the motion is denied. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 335), and send a copy of this Order to Gabriel Warren, No. 77731-054, USP Allenwood, U.S. Penitentiary, P.O. Box 3000, White Deer, PA 17887.

Dated: September 11, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.