UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA

- v. -

GABRIEL WARREN,

Defendant.
-----------------------------------------------------------x

ORDER

No. 16-CR-361-3 (CS)

Seibel, J.

Before the Court is Defendant Gabriel Warren's letter received August 3, 2026. (ECF No. 434.)

Defendant first asks if he qualifies for reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the Sentencing Guidelines, which eliminated the two criminal history points applied if the instant offense was committed while the defendant was under supervision. Those two points were applied in Defendant's case, and without them his criminal history points would total 8 instead of 10, and his criminal history category ("CHC") – apart from career offender analysis – would be IV instead of V. (*See* ECF No. 308 ("PSR") ¶¶ 79-81.) But that fact does not aid Defendant, because he was a career offender under U.S.S.G. § 4B1.1(a), (*see id.* ¶¶ 69, 74, 76, 82), which bumped his CHC up to VI, per U.S.S.G. § 4B1.1(b). Removal of the two "status points" would not reduce Defendant's CHC or his Guidelines range because his CHC was driven by his career offender status, not the status points. No reduction is permitted where the amendment would not reduce the range. *See* U.S.S.G. § 1B1.10(a)(2)(B); 18 U.S.C. § 3582(c)(2). Moreover, even if Defendant were in CHC IV, his Guidelines range would be 210-262 months rather than 262-327, but because his sentence of 188

months was already below the low end of that range, a reduction is precluded under U.S.S.G. § 1B1.10(b)(2)(A).

Defendant also contends that he was erroneously assessed three criminal history points for a youthful offender adjudication for criminal sale of a controlled substance in the third degree, when his plea agreement provided for only two criminal history points pursuant to U.S.S.G. § 4A1.2(d)(2)(A), which provides that two points are added for sentences of at least 60 days for offenses committed before the age of 18. There are several reasons why this contention is incorrect. First, there is no mechanism by which a defendant can raise a freestanding sentencing error years after his conviction has become final. Second, Defendant was advised in the plea agreement (at 6) and at the plea, (ECF No. 211 at 18), that the plea agreement was not binding on the court. Third, for the reasons just explained, the one-point difference would not affect Defendant's already below-Guidelines range and a reduction would not be permitted. Fourth, § 4A1.2(d)(2)(A) applies to offenses committed prior to age 18, but Defendant was 19 when he committed the criminal sale of controlled substance offense. (*See* PSR ¶ 77.)

For the reasons stated above, the applications are denied. The Clerk of Court is respectfully directed to send a copy of this Order to Gabriel Warren, No. 77731-054, USP Lee, U.S. Penitentiary, P.O. Box 305, Jonesville, VA 24263.

Dated: August 6, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.